# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ANDRE BLAND, et al.**   )<br>    )<br>    **Plaintiffs,**   )<br>    )<br>    v.   )<br>    )<br>**PAMELA J. BONDI, et al.**   )<br>    )<br>    **Defendants.**   )<br>    ) | Case No. 25-cv-03499 (APM) |

## ORDER

Before the court is Plaintiffs Andre Bland, Urshawn Miller, Howard Hank Willis, Federal Defender Services of Eastern Tennessee, and Federal Public Defender for the Middle District of Tennessee's Motion for Temporary Restraining Order, ECF No. 4 [hereinafter Pl.'s Mot.]. Plaintiffs seek to halt Defendants Pamela J. Bondi and the United States Department of Justice's ongoing consideration of the state of Tennessee's application for certification under Chapter 154 of the Antiterrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. § 2265. Under Chapter 154, if the Attorney General certifies a state as having "established a mechanism for the appointment, compensation, and payment of reasonable litigation expenses of competent counsel in State postconviction proceedings brought by indigent prisoners who have been sentenced to death," *id.* § 2265(a), special procedures such as a shortened statute of limitations and stricter grounds for equitable tolling may apply during federal habeas review of the state's capital cases, *id.* § 2263. Plaintiffs allege that the certification process is unconstitutional for two reasons. First, it violates the Due Process Clause of the Fifth Amendment because the Attorney General is an inherently biased decisionmaker, and second, it violates the separation of powers because

Article III courts must make all habeas-related determinations in the first instance. Pl.'s Mot., Stmt. of P. & A. in Supp. of Pl.'s Mot., ECF No. 4-1 [hereinafter Pl.'s Mem.], at 2–3.

A temporary restraining order is an "extraordinary and drastic remedy." *RCM Techs., Inc. v. Beacon Hill Staffing Grp., LLC*, 502 F. Supp. 2d 70, 72–73 (D.D.C. 2007) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). Plaintiffs accordingly must satisfy a "very high" burden to obtain one. *See id.*; *see also Obama v. Klayman*, 800 F.3d 559, 564 (D.C. Cir. 2015). Because Plaintiffs fail to make two showings necessary for such relief, the court denies their motion.

*First*, to secure a temporary restraining order, Plaintiffs must show a substantial likelihood of establishing that the court has jurisdiction to adjudicate their claims. *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 912–13 (D.C. Cir. 2015). Here, Congress vested in the D.C. Circuit "exclusive jurisdiction" to review "[t]he determination by the Attorney General regarding whether to certify a State under this section." 28 U.S.C. § 2265(c). This provision "cuts off original jurisdiction in other courts in all cases covered by [the] statute." *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 75 (D.C. Cir. 1984) [hereinafter *TRAC*]. Even though Plaintiffs are not challenging a final certification decision, when a statute grants the D.C. Circuit exclusive jurisdiction to review a final agency action, "any suit seeking relief that might affect the Circuit Court's future jurisdiction is [also] subject to the exclusive review of the Court of Appeals." *Id.* at 78–79. That includes lawsuits like the one here, in which the plaintiff claims that the agency decisionmaker is biased. *Air Line Pilots Ass'n, Int'l v. Civ. Aeronautics Bd.*, 750 F.2d 81, 84, 88 (D.C. Cir. 1984) ("The bias claim has equal power to affect our future jurisdiction over final agency action."); *see also Ticor Title Ins. Co. v. FTC*, 814 F.2d 731, 743 (D.C. Cir. 1987) (Edwards, J., separate opinion) ("In the course of our *TRAC* opinion, we *did* consider briefly a small class of cases in which a litigant brought a constitutional challenge under section 1331

2

alleging agency bias and prejudgment, and we held that such challenges, like challenges to agency action unlawfully withheld, were subject to the exclusive jurisdiction of the court of appeals." (citation omitted)).

Neither Plaintiffs nor Defendants cited *Air Line Pilots* in their briefs, but Plaintiffs still attempted to distinguish it at oral argument. They noted that the plaintiff there alleged that an individual decisionmaker was biased, rather than the institution itself, as alleged here. But Plaintiffs have not explained why this distinction changes the jurisdictional analysis. At bottom, Plaintiffs press an "interlocutory claim of bias" on the part of the Attorney General that "might affect the Court of Appeals' future statutory power of review" over her final decision. *Air Line Pilots*, 750 F.2d at 88. So exclusive jurisdiction over this claim rests with the D.C. Circuit.

Then there is Plaintiffs' separation-of-powers claim. Although the D.C. Circuit has not squarely addressed whether such claim is similarly foreclosed, the court does not see a reason— and Plaintiffs have not provided one—to treat it differently. Just as a claim that the Attorney General is biased "might affect the Court of Appeals' future statutory power of review," *id.* at 84, so too does a claim that the Attorney General is impermissibly exercising power that Article III grants to the federal courts. The court thus appears to lack jurisdiction over either claim.

In response, Plaintiffs contend that a subsequent line of cases from the Supreme Court, including *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), and *Axon Enterprise, Inc. v. Federal Trade Commission*, 598 U.S. 175 (2023), permits this court to hear their challenges to the certification process. These cases recognized that, even when a statutory scheme vests exclusive jurisdiction over final agency action in the Courts of Appeals, some pre-enforcement claims challenging an agency's authority can be brought in the district court. *See Thunder Basin*, 510 U.S. at 213–14; *Axon*, 598 U.S. at 185–86. But these cases did not overrule the D.C. Circuit's clear

holdings in *TRAC* and *Air Line Pilots*. For an intervening Supreme Court case to overturn a D.C. Circuit case, it "must effectively overrule, *i.e.*, eviscerate, the law of [the] circuit." *Alpine Sec. Corp. v. FINRA*, 121 F.4th 1314, 1334 (D.C. Cir. 2024) (internal quotation marks omitted). Plaintiffs, however, admitted at oral argument that the two lines of cases can be reconciled. Accordingly, because the court is bound by *TRAC* and *Air Line Pilots*, it must conclude that Plaintiffs have not shown a likelihood of success in establishing the court's jurisdiction to adjudicate their claims.[1]

*Second*, Plaintiffs have not demonstrated that they will suffer irreparable harm absent immediate injunctive relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs again rely on *Axon* for their first theory of harm, contending that their "only opportunity to demonstrate the illegitimacy of Tennessee's certification application" is "to engage in an illegitimate administrative process before an illegitimate agency decision maker, which constitutes a 'here-and-now' injury" that later judicial review cannot remedy. Pl.'s Mem. at 43–44 (quoting *Axon*, 598 U.S. at 191). Further, Plaintiffs argue, they may face the "ongoing burden" of "years of administrative proceedings and litigation to pursue their right to constitutional federal habeas review procedures and challenge Tennessee's" application for certification under Chapter 154, "only to succeed much later in their collateral challenges to the constitutionality of the framework of § 2265." *Id.* at 43. Neither of these asserted harms carries the day.

The first "overreads *Axon*." *Alpine Sec. Corp.*, 121 F.4th at 1335. *Axon* addressed a question of statutory jurisdiction, not "what constitutes irreparable harm for purposes of the

---

[1] Because the court is bound by the relevant D.C. Circuit precedents, it does not reach the question whether the so-called *Thunder Basin* factors counsel in favor of jurisdiction in this case. Nevertheless, the court notes that, in applying the *Thunder Basin* factors, the *Axon* Court was animated in no small part by the concern that "[j]udicial review of [the plaintiffs'] structural constitutional claims would come too late to be meaningful" if they were forced to wait until after the administrative proceedings concluded to raise their challenges in the Courts of Appeals. *Axon*, 598 U.S. at 190–91. By contrast, Plaintiffs here concede that they could seek immediate review of their constitutional claims before the D.C. Circuit under the All Writs Act. *See TRAC*, 750 F.2d at 76–78 (citing 28 U.S.C. § 1651(a)).

extraordinary remedy of" preliminary relief. *Id.* at 1335–36. "It does not say that every agency proceeding already underway must immediately be halted because of an asserted constitutional flaw." *Id.*; *see also Leachco, Inc. v. Consumer Prod. Safety Comm'n*, 103 F.4th 748, 759 (10th Cir. 2024) (declining to read *Axon* as a "broad ruling that creates an entitlement on the merits to a preliminary injunction in every case where such constitutional challenges are raised").

Plaintiffs try to distinguish *Alpine Securities Corp.*'s reasoning as applying only to cases where the plaintiff alleges a decisionmaker's illegitimacy based on a structural technicality—such as the Appointments Clause violation alleged there—rather than a clam of institutional bias, as alleged here. But in either case, the plaintiff is asserting that the decisionmaker is wielding unconstitutional power. The alleged reason why does not affect the magnitude of the harm. Plaintiffs therefore cannot overcome the D.C. Circuit's clear pronouncement that the "here-and-now injury" recognized in *Axon*, without more, does not establish irreparable harm for purposes of preliminary relief.

That leaves Plaintiff's second asserted harm. But the time and expense of litigation, "even substantial and unrecoupable cost[s], does not constitute irreparable injury." *FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980) (quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)); *see also Tex. Def. Serv. v. U.S. Dep't of Just.*, No. 18-cv-426, 2019 WL 1538250 (D.D.C. Apr. 9, 2019) (noting that an advocacy organization's "preparing comments to advocate against [a state's] certification" under Chapter 154 does not constitute an injury-in-fact because it is not an "operational cost[] beyond those normally expended to carry out its advocacy mission" (second alteration in original) (internal quotation marks and citation omitted)). Plaintiffs accordingly have not established that they will suffer irreparable harm absent a temporary restraining order.

5

For the foregoing reasons, the court denies Plaintiffs' Motion for Temporary Restraining Order, ECF No. 4. The parties shall meet and confer and, by October 15, 2025, propose a schedule for further proceedings.

Dated: October 10, 2025

Amit P. Mehta
United States District Judge